SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

K.L.,

                              Plaintiff,

    -against-

JOEL RIVERA,

                             Defendant.

**COMPLAINT**

Index No.:

Plaintiff K.L. ("Plaintiff" or "K.L."), by her attorneys DANIEL SZALKIEWICZ & ASSOCIATES, P.C., as and for her Complaint hereby alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff and defendant JOEL RIVERA "Defendant" or "Rivera") dated for approximately one year while Plaintiff and her husband were separated.

2. In March of 2020, Plaintiff alerted Rivera that she and her husband had decided to work on their marriage and attempted to break ties with Defendant amicably. Furious that Plaintiff had ended the relationship, Defendant messaged Plaintiff's husband as well as her business partner, sending them intimate images and video of Plaintiff.

3. Egregiously, as evidenced in the videos sent to her husband and partner, Plaintiff was not always aware she was being recorded.

4. Plaintiff's personal life, work life, and marriage have been devastated by Defendant's actions.

## THE PARTIES

5. Plaintiff K.L. is a resident of the County of Westchester, State of New York.

6. Defendant Joel Rivera is a resident of the County of Queens, State of New York.

## STATEMENT OF FACTS PERTAINING TO ALL CAUSES OF ACTION

7. K.L. and Rivera dated in from 2019 until 2020 during a period when K.L. had separated from her husband.

8. As both K.L. and Rivera work in the same field, the two had common interests and shared the same professional network; for a time, their relationship was a welcome aspect of Plaintiff's life.

9. During the course of their relationship, Defendant would sometimes photograph Plaintiff while the two were kissing and/or in bed. Though Plaintiff was aware that she was being photographed in some of the images, she was always careful to cover her face if the picture showed her naked body or cover her intimate areas if the image showed her face; she made certain that Defendant knew the content was to remain private.

10. Shortly after the COVID-19 pandemic struck New York and the rest of the world, K.L. and her husband decided to work on their marriage and K.L.'s husband moved back into their home.

11. K.L. alerted Rivera of this change in circumstance and attempted to peacefully end the relationship.

12. K.L. hoped that Rivera was moving on as well until, when the two were in a Zoom networking conference with other professionals in their field, Rivera asked her to call him. Not wanting to reopen a private dialogue with Rivera, K.L. did not call him as he had requested.

13. In retaliation, the following day, on April 16, 2020, Rivera sent numerous text messages to K.L.'s husband that included images of her naked, performing oral sex, and engaging in sexual intercourse. Some of the images simply showed Plaintiff and Defendant kissing while on dates or having a glass of wine together. The messages were designed to "out" Plaintiff for having a relationship with Defendant.

14. The same day, Rivera sent text messages and WhatsApp messages to Plaintiff's business partner which contained images and videos of K.L. naked and engaging in sexual acts.

15. Rivera wrote to Plaintiff's business partner:

> Just in case you were wondering who & what your "gordis" | "business partner" was doing for the past year…before she got "quarantined". I'm the reason for many the days why she was late to the office or left early for "a meeting" or "event" – although we did actually go to those together quite a number of times…& yes while we were at this last Triple Play. A couple of her close friends knew about our relationship, yet one of the reasons she didn't want to tell you was because you & I kissed a few years back there – she got jealous that day & has been a few times since. If she says it was just a "one-time" fling…I have plenty more where this came from!!! Check your WhatsApp for more...

16. When Plaintiff's husband and business partner showed Plaintiff the messages, she came to realize that Defendant had, on multiple occasions, recorded her without her knowledge, permission, or consent. In one such video, the camera is pointed toward a mirror which shows Plaintiff fully naked and engaging in sexual intercourse.

17. Plaintiff's life has been ravaged by Defendant's betrayal and revenge.

18. Since Defendant disseminated the intimate content, Plaintiff has suffered from extreme anxiety and despair. Defendant's actions have caused Plaintiff to question her judgment in trusting an individual who not only filmed her without her consent, but maliciously sent the content to third parties when the relationship ended.

3

19. Defendant has experienced many sleepless nights and feels helpless to stop Defendant from sending the intimate content to additional individuals or even uploading it online.

20. Each day Plaintiff lives with the oppressive knowledge that her husband and business partner have both seen her fully naked engaging in sexual intercourse with another man.

21. Plaintiff experiences constant anxiety that others in her professional circle were also sent the intimate content. As a result, Plaintiff has been forced to withdraw from business networks that she previously turned to for referrals out of embarrassment and also fear that her involvement will incite another round of retaliatory messages, perhaps to a larger audience of people.

22. Prior to the dissemination of the messages, Plaintiff had been considering changing companies. Plaintiff had been deciding between multiple offers, but the most attractive opportunity was a lender who happened to be friendly with Rivera. Now, fearful of further intertwining her career with individuals over which Defendant holds sway, Plaintiff has abandoned the opportunity, to her financial detriment.

23. Since receiving the intimate content, Plaintiff and her business partner's productivity have decreased. Plaintiff has noticed her partner's attitude toward her has changed and fears that she may be viewed as a professional liability.

24. Plaintiff intends to seek counseling for the emotional damage caused by Defendant once the threat of the COVID-19 virus subsides.

## FIRST CAUSE OF ACTION
### (Violation of New York City Administrative Code §10-180)

25. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

26. Defendant disclosed the Plaintiff's intimate images and videos without her permission or consent.

27. The intimate videos sent by Defendant depicts Plaintiff engaging in a sexual act and display Plaintiff's exposed anus and/or nipples. One still photo shows Plaintiff from behind with an exposed buttocks and an identifying tattoo, another two show Plaintiff engaging in a sexual act with Plaintiff's face in view, and yet another shows the parties topless in bed smiling with Plaintiff covering her naked breast. The final image contained Plaintiff's exposed genitals and half of her face. Plaintiff recalls that she had insisted that she cover her face with a pillow for the photo, however Defendant managed to take a picture as she was removing the pillow and was able to capture half of her face in the image of her bare genitalia.

28. Defendant had no legitimate purpose for disclosing the images to Plaintiff's husband and business partner and only did so to cause her substantial emotional, physical, and economic harm.

29. Plaintiff was readily identifiable in the intimate images and videos, the majority of which clearly show her full face and were accompanied by demeaning words about Plaintiff as well of other non-intimate images of Plaintiff.

30. Although a criminal statute, the code provides for civil remedies:

    (a) Compensatory and punitive damages;
    (b) Injunctive and declaratory relief;
    (c) Attorneys' fees and costs; and
    (d) Such other relief as a court may deem appropriate.

31. As a result of Defendant's actions, the Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## SECOND CAUSE OF ACTION
### (Violation of Civil Rights Law §52-b)

32. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

33. Plaintiff had a reasonable expectation that the images and videos, when recorded, would remain private due to her conversations with Defendant about the importance of this.

34. The images and videos disclosed by Defendant contained the exposed intimate parts of Plaintiff and/or Plaintiff engaging in sexual conduct.

35. The Defendant disseminated and published Plaintiff's intimate videos and images without Plaintiff's permission or consent.

36. The images and videos were shared for the purpose of harassing, annoying or alarming the Plaintiff.

37. As a result of Defendant's actions, the Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

38. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

39. Defendant has engaged in the intentional, extreme, and outrageous conduct of possessing and disseminating Plaintiff's nude photographs and videos.

40. Defendant did this for the clear purpose of driving a wedge between Plaintiff and those closest to her – her husband and business partner – and to cause Plaintiff extreme emotional distress.

41. Defendant's conduct was so extreme in degree and so outrageous in character that it goes beyond all possible bounds of decency.

42. Defendant's sole purpose in sharing the images and videos was to harass and/or embarrass Plaintiff and cause others, specifically Plaintiff's husband and business partner, to view Plaintiff in a sexual position.

43. Defendant intended to cause severe emotional distress or recklessly disregarded the likelihood that such conduct would tend to cause severe emotional distress. Such outrageous behavior is beyond the limits of decency and is intolerable in a civilized society.

44. Defendant knew this would cause Plaintiff severe emotional distress as the two had previously had discussions about Plaintiff's refusal to be photographed while showing both her face and intimate body parts due to a concern of maintaining some semblance of modesty in the technological age. Further evidencing the fact that the parties had discussed this rule and Defendant was aware of it, the camera placement in the only recordings of Plaintiff fully naked and engaging in sexual acts makes clear that they were filmed without her knowledge.

45. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress.

46. Defendant acted with the intent to cause severe emotional distress, or alternatively, disregarded the substantial probability that his actions would cause severe emotional distress.

47. Defendant's actions have caused Plaintiff to have a strained relationship with her husband and have caused her to live in constant fear as she wonders who has already seen and could possibly still see her most intimate videos. Plaintiff's relationship with her business partner is in jeopardy, but she feels forced to remain in the position for fear that any movement within her industry will cause Defendant to further retaliate against her and, in the end, leave her unemployed and/or unemployable.

48. Plaintiff has been forced to retain the services of an attorney to pursue a lawsuit against Defendant.

49. Plaintiff, ashamed, has withdrawn from the world – even the digital one the world is currently living in due to COVID-19. She and her business partner, who were once friendly, have difficulty communicating. She is fearful of digital networking because she and Defendant work in the same profession and are often present at the same networking events, both digital and in person.

50. Plaintiff is forced to live every day with the knowledge that those closest to her and have seen her engaging in intimate acts and experiences constant anxiety that Defendant has already or will someday in the future send the content to a wider audience.

51. Here, the acts of Defendant were so egregious and were done so clearly with malice and/or reckless indifference in the face of a perceived risk that his actions would harm Plaintiff's reputation and mental wellbeing, that, in addition to all the damages inflicted upon Plaintiff and in

addition to all the measure of relief to which Plaintiff may properly be entitled herein, Defendant should also be required to pay punitive damages to punish him for his reckless conduct in the further amount greater than the jurisdictional limit of all lower courts to be determined by the trier of fact, in order to deter him and others similarly situated from engaging in such conduct in the future.

52. Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### FOURTH CAUSE OF ACTION
(Tortious Interference)

53. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

54. Defendant was aware that one of the individuals to whom he directed the intimate content and messages was Plaintiff's business partner.

55. Defendant sent to Plaintiff's business partner intimate content depicting Plaintiff and language stating that Plaintiff often was late to work or left early from work for the purpose of meeting with him. Defendant further claimed that Plaintiff often lied to her business partner that she was working when, in fact, she was engaging in an affair with him.

56. Defendant made these claims for no legitimate purpose but rather to harm Plaintiff by calling into question Plaintiff's dedication to her job, reliability, and honesty and with the hope

that it would irreparably fracture Plaintiff's relationship with her partner. In sending the messages, which included nonconsensual pornography, Defendant intentionally and knowingly interfered with Plaintiff's business relationship with her partner in an unlawful and malicious manner.

**WHEREFORE**, Plaintiff demands judgment against Defendant on all causes of action in the sum of the amount greater than the jurisdictional limit of all lower courts to be determined by the trier of fact, plus punitive damages, the costs of this action, pre-judgment interest and reasonable attorney's fees as permitted under the law, together with such other and further relief as the Court may deem just and proper,

Dated: New York, New York
March 16, 2021

**Daniel Szalkiewicz & Associates, P.C.**

_____
By: Daniel S. Szalkiewicz, Esq.